UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAWTHER Y., <br><br>　　　　　　Plaintiff, <br><br>v. <br><br>KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY,[1] <br><br>　　　　　　Defendant. | Case No.: 21-cv-01191-BGS <br><br>**ORDER ON JOINT MOTION FOR JUDICIAL REVIEW** <br><br>**[ECF 17]** |

I.　　**INTRODUCTION**

Plaintiff, Kawther Y., timely filed a Complaint in this case on June 29, 2021.[2] (ECF 1.) Defendant, the Commissioner of Social Security, filed the Administrative Record on May 16, 2022. (ECF 14.) On May 17, 2022, this Court entered its Scheduling Order. (ECF 15.) In accordance with the Scheduling Order, the parties filed a Joint Status Report on July 11, 2022 (ECF 16), and a Joint Motion for Judicial Review on October 5, 2022 (ECF 17).

In the parties' joint motion, Plaintiff raises three issues, whether the Administrative Law Judge (ALJ) properly considered: (1) the testimony of the vocational expert (VE); (2) the opinions of Drs. Korsh, MD, and Hoffman, DCP; and (3) Plaintiff's testimony.

After considering the arguments in the parties' joint motion, the administrative record, and the applicable law, the Court vacates the ALJ's decision and remands this

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, and is therefore substituted for Andrew Saul as Defendant. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] Unless otherwise noted, all page citations are to the CM/ECF electronic pagination.

1

case to the ALJ for further proceedings consistent with this opinion.

## II. BACKGROUND

On June 24, 2019, Plaintiff filed an application for a period of disability and disability insurance benefits, in which she alleged she had been disabled since March 30, 2017. (ECF 14-2 at 34.) The Social Security Administration denied the claim on January 17, 2020, and denied reconsideration of its decision on April 1, 2020. (*Id.*) Plaintiff then requested a hearing under 20 C.F.R. § 404.929. (*Id.*) A hearing was held before ALJ Randolph E. Schum on November 3, 2020, and the ALJ issued a decision finding Plaintiff "not disabled" on November 18, 2020. (ECF 14-2 at 2.) Plaintiff then requested review of the ALJ's decision. (*Id.*) On May 16, 2021, the Social Security Administration Appeals Council denied Plaintiff's request for review. (*Id.*)

The ALJ applied the five-step sequential evaluation process in 20 C.F.R. § 404.1520 for determining whether an individual is disabled, *see Lamear v. Berryhill*, 865 F.3d 1201, 1204 (2017), and made the following findings. First, under step one, the ALJ found that Plaintiff was not and had not been engaged in substantial gainful activity since March 30, 2017, the date she contends she became disabled. (ECF 14-2 at 34, 36.) Under step two, the ALJ found that Plaintiff has the severe impairments of lumbar degenerative changes, cervical degenerative changes, degenerative changes of the knees, and obesity. (*Id.* at 36.) The ALJ found that Plaintiff has the non-severe impairments of headaches, urinary urgency, depressive disorder, and anxiety disorder. (*Id.* at 37.) Under step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. (*Id.* at 39.) The ALJ then made the following finding related to Plaintiff's Residual Functional Capacity (RFC):[3]

---

[3] RFC is what one "can still do despite [her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

>        to perform light work as defined in 20 CFR 404.1567(b) except the individual can lift 20 pounds occasionally and ten pounds frequently; can stand and/or walk for at least six hours in an eight-hour workday; can sit for at least six hours in an eight-hour workday; can frequently balance, kneel and crawl; can occasionally climb ramps and stairs, stoop, and crouch; can occasionally push and/or pull with the bilateral upper extremities; and should avoid concentrated exposure to unprotected heights, extreme cold, vibration, and moving and dangerous machinery.

(*Id.* at 40.)

Using Plaintiff's RFC, the ALJ moved to step four, and found that Plaintiff has no past relevant work because her earnings from the relevant 15-year period are below substantial activity levels. (*Id.* at 45.) Finally, under step five, the ALJ found that considering Plaintiff's age education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 46.)

Specifically, under step five, to establish that there are jobs in "significant numbers" in the national economy that a claimant can perform, "the ALJ can call upon a vocational expert to testify as to: (1) what jobs the claimant, given his or her residual functional capacity, would be able to do; and (2) the availability of such jobs in the national economy." *Tackett v. Apfel*, 180 F.3d 1094, 1104 (1999). "At the hearing, the ALJ poses hypothetical questions to the vocational expert that 'set out all of the claimant's impairments' for the vocational expert's consideration.'" *Id.* (quoting *Gamer v. Sec'y of Health & Human Servs.*, 815 F.2d 1275, 1279 (9th Cir. 1987)). "The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record." *Id.* (citing *Gamer*, 815 F.2d at 1279-80). The vocational expert then "'translates [these] factual scenarios into realistic job market probabilities' by testifying on the record to what kinds of jobs the claimant still can perform and whether there is a sufficient number of those jobs available in the claimant's region or in several other

regions of the economy to support a finding of not disabled." *Id.* (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 578 (1988).

Gloria Lasoff, MA, CRC, testified as a VE at the hearing. (ECF 14-2 at 70.) After the ALJ noted Plaintiff's age, education, and work experience, and read Plaintiff's RFC description aloud to Ms. Lasoff, Ms. Lasoff offered the occupations of Cleaner, Housekeeping, 323.687-014; Small Products Assembler I, 706.684-022; and Advertising-Material Distributor, 230.687-010, as occupations for which Plaintiff was qualified. (*Id.* at 71.) Ms. Lasoff testified that her opinion was consistent with the DOT and the U.S. Department of Labor's Selected Characteristics of Occupations (SCO). (*Id.* at 72.) In its written decision, the ALJ found that "the vocational expert's testimony was consistent with the information contained in the [Department of Labor's] Dictionary of [Occupational] Titles" (DOT). (ECF 14-2 at 46.)

## III. PARTIES' ARGUMENTS

Plaintiff's first argument on appeal to this Court is that the DOT descriptions for the three occupations identified by Ms. Lasoff conflict with Ms. Lasoff's testimony. Plaintiff argues the occupations identified involve constant pushing and/or pulling and, therefore, conflict with her RFC, which provides that Plaintiff can only "occasionally push and/or pull" (*see* ECF 14-2 at 40). As a result of the conflict, Plaintiff argues that the ALJ was required to make a finding that the VE's testimony was supported by substantial evidence. *See Massachi v. Astrue*, 486 F.3d 1149, 1154 (2007) (holding that it could not be determined whether substantial evidence supported the ALJ's step-five finding when the ALJ failed to ask the VE whether her testimony conflicted with the DOT and whether there was a reasonable explanation for the conflict).

Defendant contends Plaintiff waived this argument by not raising the issue at the ALJ hearing, citing *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Defendant also contends the VE's affirmative response when the ALJ asked the VE whether her testimony concerning the three occupations Plaintiff could perform was consistent with the DOT sufficed to show there was no conflict between the VE's testimony and the

DOT. Finally, Defendant suggests that Plaintiff considers all tasks that involve pushing or pulling any time an object is moved as conflicting with Plaintiff's RFC, noting specifically that the occupational tasks of handling and fingering do not conflict with Plaintiff's RFC.

### A. Standard of Review

"The Social Security Act allows unsuccessful claimants to seek judicial review of the Commissioner's final agency decision." *Barbee v. Berryhill*, No. 16-cv-1779-BEN-(DHB), 2017 WL 3034531, at *2 (S.D. Cal. July 18, 2017) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). "The scope of judicial review is limited." *Id.* "The Court must affirm the Commissioner's decision unless it "is not supported by substantial evidence or it is based upon legal error." *Id.* (quoting *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("We may reverse the ALJ's decision to deny benefits only if it is based upon legal error or it is not supported by substantial evidence.").

### B. Preservation

First, Defendant's argument that Plaintiff waived her first issue by not raising it at the ALJ hearing is without merit. Because the ALJ has the burden of proof at step five of the sequential evaluation process, the ALJ must clarify any apparent conflict before making a finding. *Barbee*, 2017 WL 3034531, at *12; *see also Shaibi v. Berryhill*, 883 F.3d 1102, 1109 ("[A]n ALJ is required to investigate and resolve any apparent conflict between the VE's testimony and the DOT, regardless of whether a claimant raises the conflict before the agency." (citing SSR 00-4p, 2000 WL 1898704, *4, *Lamear*, 865 F.3d at 1206-07, and *Massachi*, 486 F.3d at 1152-54)). Furthermore, Defendant's reliance on *Meanel* is misplaced. "[D]istrict courts in the Ninth Circuit frequently distinguish *Meanel*, finding that it does not apply in cases where the plaintiff's attorney failed to raise a conflict between the VE's testimony and the DOT at the ALJ hearing, because the ALJ bears the burden of proof at step five and is under an obligation to clarify any apparent conflict before making a finding." *Barbee*, 2017 WL 3034531, at *12.

### C. Obvious or Apparent Conflict

In *Massachi*, the Ninth Circuit addressed whether an ALJ may rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT. *Massachi*, 486 F.3d at 1152. The Court began by noting that Social Security Ruling 00-4p "unambiguously provides that '[w]hen a [vocational expert] . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that [vocational expert] . . . evidence and information provided in the [DOT].'" *Id.* (alterations in original).

With that being said, the ALJ need only follow up on potential conflicts between an expert's job suitability recommendation and the DOT's listing of maximum requirements for an occupation that are apparent or obvious. *Gutierrez*, 844 F.3d at 808. For a difference between an expert's testimony and the DOT listing to be fairly characterized as a conflict, it must be obvious or apparent. *Id.* This means that the testimony must be at odds with the DOT listing of job requirements that are essential, integral, or expected. This is not to say that ALJs are free to disregard the DOT definitions or to take them with a grain of salt—they are not. But tasks that are not essential, integral, or expected parts of a job are less likely to qualify as apparent conflicts that the ALJ must ask about.

"The extent to which an ALJ must scrutinize a VE's opinions is highly 'fact-dependent.'" *Lamear*, 865 F.3d at 1205. For example, less scrutiny is required where the VE has identified a representative occupation that is familiar, like cashiering. *Gutierrez*, 844 F.3d at 808. "In such cases an ALJ may be able to resolve a potential conflict without inquiring further of the VE—i.e., based on 'common experience' that it is 'likely and foreseeable' that a claimant with certain limitations would still be able to perform all of the 'essential, integral, [and] expected' requirements the DOT described for the particular occupation." *Melgoza v. Berryhill*, No. CV 17-2659 JC, 2018 WL 1271180, at *4 (C.D. Cal. Mar. 8, 2018) (alteration in original) (quoting *Gutierrez*, 844 F.3d at 807-08).

"Conversely, where a representative occupation is 'more obscure,' ordinarily an ALJ would not be able to resolve an apparent conflict at step five based solely on 'common experience,' but instead would need to ask the VE to provide a more detailed explanation of the apparently conflicting opinion." *Melgoza*, 2018 WL 1271180, at *4 (quoting *Lamear*, 865 F.3d at 1205).

After Ms. Lasoff testified that Plaintiff could perform the occupations of assembler, material distributor, and cleaner, the ALJ asked Ms. Lasoff whether her testimony was consistent with the DOT and SCO. When Ms. Lasoff replied, "Yes," the ALJ ended the inquiry. (ECF 14-2 at 72.)

"'The ALJ is not absolved of this duty [to reconcile conflicts] merely because the VE responds yes when asked if her testimony is consistent with the DOT.'" *Lamear*, 865 F.3d at 1205 n.3 (alteration in original) (quoting *Moore v. Colvin*, 769 F.3d 987, 990 (8th Cir. 2014). Where the "expert's opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the [DOT], then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if plaintiff is disabled." *Gutierrez*, 844 F.3d at 807 (citing SSR 00-4p). Because the "best source" for how a job is generally performed is "usually" the DOT, for the ALJ to accept vocational expert testimony that conflicts with the DOT, the record must contain "'persuasive evidence to support the deviation." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). The ALJ assessed Plaintiff as retaining the RFC to perform:

> light work as defined in 20 CFR 404.1567(b) except the individual can lift 20 pounds occasionally and ten pounds frequently; can stand and/or walk for at least six hours in an eight-hour workday; can sit for at least six hours in an eight-hour workday; can frequently balance, kneel and crawl; can occasionally climb ramps and stairs, stoop, and crouch; *can occasionally push and/or pull with the bilateral upper extremities*; and should avoid concentrated exposure to unprotected heights, extreme cold, vibration, and moving and dangerous machinery.

(ECF 14-2 at 40 (emphasis added).) "Occasionally" is defined as "from very little up to one-third of the time," i.e., "no more than about 2 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *5; *see Jalos v. Berryhill*, No. EDCV 17-01363-AFM, 2018 WL 2276637, at *5 (C.D. Cal. May 16, 2018).

The question presents whether the ALJ's finding that Plaintiff can occasionally push and/or pull with the bilateral upper extremities conflicts with the requirements in the three occupations the VE identified at the hearing. In other words, is the VE's testimony at odds with the DOT list of job requirements that are essential, integral, or expected such that there are apparent and obvious conflicts?

The three occupations Ms. Lasoff identified are classified by the physical exertional level of "light work," which is defined as:

> STRENGTH: Light Work - Exerting up to 20 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or up to 10 pounds of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

*See* DOT, 706.684-022 (Assembler, Small Products I), 1991 WL 679050 (2016); DOT, 230.687-010 (Advertising-Material Distributor), 1991 WL 672162 (2016); DOT, 323.687-014 (Cleaner, Housekeeping), 1991 WL 672783 (2016).

As discussed, Plaintiff's RFC limits her to occasional pushing and pulling. Light work is defined to include jobs that require working at a production-rate pace entailing the constant pushing and/or pulling of materials even though the weight of those

materials is negligible. 20 C.F.R. § 416.967(b). So long as an occupation involves pushing and/or pulling at a rate that is more rapid than occasional, an apparent conflict is present. The third criterium for classifying a job as light work creates an obvious or apparent conflict with Plaintiff's RFC. Thus, occupations classified by the DOT as involving the exertional level of light work pose an apparent conflict with Ms. Lasoff's testimony that based on Plaintiff's RFC, Plaintiff could perform them.

Further, two of the three occupations Ms. Lasoff identified—Assembler, Small Products I and Advertising-Material Distributor—have been recognized as not commonplace enough that common experience could resolve a conflict between the occupations' tasks and a claimant's limitations. *See Michael Louis W. v. Kijakazi*, No. 20cv2277-LL(MSB), 2022 WL 2701988, at *19 (S.D. Cal. July 12, 2022) (holding that the Court "could not rely on common experience to find that more than occasional overhead reaching is involved because the duties of an assembler and a material distributor are not commonly known to the public"); *Masterson v. Berryhill*, No. 3:16-cv-01300-GPC-WVG, 2017 WL 3575525, at *4 (S.D. Cal. Aug. 18, 2017) (holding that the position of small parts assembler, "while not obscure, [was] not so commonplace that 'common experience' [could] easily resolve the conflict" between the reaching limitation and the duties of a small parts assembler (quoting *Gutierrez*, 844 F.3d at 808)).

Because the Assembler, Small Products I and Advertising-Material Distributor occupations are not commonplace enough that the ALJ's common experience could have easily resolved any conflict, *see Michael Louis W.*, 2022 WL 2701988, at *19, the ALJ should have asked Ms. Lasoff to provide a more detailed explanation of her apparently conflicting opinion that given Plaintiff's RFC, which restricted Plaintiff to occasional pushing and pulling, Plaintiff was able to perform the job requirements in those two "light work" occupations, which are defined to include occupations that would involve

"constant pushing/pulling."[4] *See Lamear*, 865 F.3d at 1205; *see also Melgoza*, 2018 WL 1271180, at *4 ("Conversely, where a representative occupation is 'more obscure,' ordinarily an ALJ would not be able to resolve an apparent conflict at step five based solely on 'common experience,' but instead would need to ask the VE to provide a more detailed explanation of the apparently conflicting opinion." (quoting *Lamear*, 865 F.3d at 1205)).

With regard to the occupation of Cleaner, Housekeeping, the DOT defines it as follows:

> Cleans rooms and halls in commercial establishments, such as hotels, restaurants, clubs, beauty parlors, and dormitories, performing any combination of following duties: Sorts, counts, folds, marks, or carries linens. Makes beds. Replenishes supplies, such as drinking glasses and writing supplies. Checks wraps and renders personal assistance to patrons. Moves furniture, hangs drapes, and rolls carpets. Performs other duties as described under CLEANER (any industry) I Master Title. May be designated according to type of establishment cleaned as Beauty Parlor Cleaner (personal ser.); Motel Cleaner (hotel & rest.); or according to area cleaned as Sleeping Room Cleaner (hotel & rest.).

DOT, 323.687-014 (Cleaner, Housekeeping), 1991 WL 672783 (2016).

This occupation is also classified by the physical exertional level of "light work." There is an apparent conflict as discussed above since Plaintiff's RFC limits her to occasional pushing or pulling, and light work includes jobs that require constant pushing or pulling. However, unlike the occupations of assembler and material distributor, this conflict can be resolved based on common experience.

The "essential, integral, or expected" tasks in the DOT definition for this occupation include making beds, moving furniture, hanging drapes, and rolling carpets,

---

[4] Further, in *Bain v. Astrue*, the Court noted that the DOT definition of light work, and specifically, the Small Products Assembler I occupation, requires 'constant pushing and/or pulling of materials.'" *Bain v. Astrue*, 319 F. App'x 543, 545 (9th Cir. 2009).

tasks that pose an "obvious or apparent" conflict with Plaintiff's restriction of only occasional pushing and pulling. *See Gutierrez*, 844 F.3d at 808. Further, the Court concludes that it is "likely and foreseeable" that cleaning a room would involve constantly pushing and pulling a supply cart, a vacuum, a mop, bedding, and furniture. *See Stainthorp v. Berryhill*, 1:17-cv-00934-GSA, 2018 WL 5619737, at *7 (E.D. Cal. Oct. 29, 2018) (reasoning that the overhead reaching restriction in that case conflicted with tasks involved with the "cleaner, housekeeping" occupation because "the necessity of reaching overhead when cleaning a room is likely and foreseeable" in activities such "as placing linens and other items in overhead storage, and overhead dusting and cleaning of raised furniture, fixtures, mirrors and windows"). Because some of the tasks in the Cleaner, Housekeeping occupation are likely to involve frequent or constant pushing and pulling, it was necessary for the ALJ to resolve the conflict by asking Ms. Lasoff to reconcile her testimony with those tasks. Thus, follow-up questions to Ms. Lasoff regarding a potential conflict between her testimony and the DOT were required for this occupation as well. *See Solorio v. Comm'r of Soc. Sec. Admin.*, No. CV-21-00582-PHX-DLR, 2022 WL 4545751, at *5 (D. Ariz. Sept. 29, 2022) (quoting *Prochaska v. Barnhart*, 454 F.3d 731, 736 (7th Cir. 2006) ("The ALJ's failure to inquire further has left an unresolved potential inconsistency in the evidence that should have been resolved.")).

## IV.   CONCLUSION

Because the ALJ erred by not resolving the apparent conflicts between the VE testimony and the DOT definitions for the three occupations identified at step five of its evaluation, this Court "cannot determine whether substantial evidence supports the ALJ's step-five finding that [Plaintiff] could perform other work." *See Massachi*, 486 F.3d at 1154. Accordingly, the Court must remand this case to the Commissioner of Social Security for further administrative proceedings. *See Lamear*, 865 F.3d at 1206 (holding that the court was required to remand so the ALJ could follow up with the VE regarding a claimant's ability to perform an occupation involving DOT requirements that appeared to be more than the claimant could handle); *Rahn v. Berryhill*, No. 2:17-cv-02491-JDE,

2018 WL 1054299, at *5-6 (C.D. Cal. Feb. 23, 2018) (exercising discretion to remand for the purpose of further VE testimony to resolve conflicts between the VE's testimony and the DOT with respect to the occupation of advertising-material distributor); *Masterson*, 2017 WL 3575525, at *4-5 (holding that because the court could not determine from the record, the DOT, or common experience whether the jobs at issue conflicted with the VE's testimony, the ALJ's failure to inquire was not harmless error and remand to the ALJ for further proceedings was necessary).

The Court **VACATES** the ALJ decision and **REMANDS** the case to the Commissioner of Social Security for further administrative proceedings.[5] The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  March 30, 2023

_____
Hon. Bernard G. Skomal
United States Magistrate Judge

---

[5] Because the Court remands this case for a new hearing, it does not address the remaining two arguments in the parties' joint brief. *See Hoover v. Colvin*, ED CV 12-2060 JCG, 2014 WL 176715, at 3 n.4 (C.D. Cal. Jan. 15, 2014) ("In light of the Court's remand instructions, [including that the ALJ inquire of the VE regarding conflicts between his testimony and the DOT,] it is unnecessary for the Court to address Plaintiff's remaining contention."); *see also Buckley v. Berryhill*, 1:17-cv-0883-BAM, 2018 WL 4693103, at *5 (E.D. Cal. Sept. 28, 2018).